**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN S. PINK, SB# 179685
  E-Mail: Jonathan.Pink@lewisbrisbois.com
ENRIQUE X. LOPEZ SALAZAR, SB# 360937
  E-Mail: Enrique.Lopezsalazar@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff ARTN INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTN INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KINODARAN, LLC, a California Limited Liability Company; TECH CRAEFT, INC., a California Corporation; EDGAR ARIJANYAN, an Individual; and DOES 1-10,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR:**<br>  (1) **DIRECT COPYRIGHT INFRINGEMENT;**<br>  (2) **CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND**<br>  (3) **VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

173674417.1

1

COMPLAINT AND DEMAND FOR JURY TRIAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Plaintiff ARTN Inc. ("ARTN") ("Plaintiff"), by and through its attorneys of record, for its Complaint against Defendants KINODARAN LLC ("KINODARAN"), TECH CRAEFT, INC. ("TECH CRAEFT"), EDGAR ARIJANYAN ("ARIJANYAN"), and DOES 1 through 10 (collectively, "Defendants"), individually, alleges as follows:

## PARTIES

1. Plaintiff ARTN is a California corporation with its principal place of business in Glendale, California.

2. Plaintiff is informed and believes and, on that basis, alleges Defendant KINODARAN is a California limited liability company with its principal place of business in Glendale, California, and which committed the acts complained of herein, in whole or in part, in this judicial district.

3. Plaintiff is informed and believes and, on that basis, alleges Defendant TECH CRAEFT is a California corporation with its principal place of business in Glendale, California, and which committed the acts complained of herein, in whole or in part, in this judicial district.

4. Plaintiff is informed and believes and, on that basis, alleges Defendant ARIJANYAN is an individual residing in the County of Los Angeles and that ARIJANYAN is the Chief Executive Officer, owner, and registered agent of TECH CRAEFT and the managing member and registered agent of KINODARAN. Plaintiff sues ARIJANYAN in his individual capacity and as the Chief Executive Officer of TECH CRAEFT and as the managing member of KINODARAN.

5. Plaintiff is currently unaware of the true names and capacities of the Defendants named herein as Does 1 through 10, inclusive, and Plaintiff therefore sues said unnamed defendants by those fictitious names. Plaintiff will request leave of this Court to amend this Complaint to state their true names and capacities when it ascertains the same. Plaintiff alleges, on information and belief, that each such fictitiously named defendant is in some manner responsible for the acts alleged herein

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

and that such defendants proximately caused the injuries alleged herein.

6. Plaintiff is informed and believes, and on that basis, alleges Defendants, and each of them, were and are the agents, licensees, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, license, partnership, employment, conspiracy, ownership, or joint venture. Plaintiff is further informed and believes and, on that basis, alleges the acts and conduct herein alleged of each of the Defendants were known to, authorized by, and/or ratified by the other Defendants, and each of them.

7. Plaintiff is informed and believes, and on that basis alleges, Defendant TECH CRAEFT was and is the alter ego of ARIJANYAN, such that there exists, and at all times herein mentioned has existed, a unity of interest and ownership between them that any separateness has ceased to exist. ARIJANYAN dominated, controlled, managed, and operated TECH CRAEFT to suit his personal convenience.

8. Plaintiff is informed and believes, and on that basis alleges, Defendant KINODARAN was and is the alter ego of ARIJANYAN, such that there exists, and at all times herein mentioned has existed, a unity of interest and ownership between them that any separateness has ceased to exist. ARIJANYAN dominated, controlled, managed, and operated KINODARAN to suit his personal convenience.

9. Plaintiff is informed and believes, and on that basis alleges, ARIJANYAN, with respect to TECH CRAEFT and KINODARAN, engaged in conduct including, but not limited to: (a) controlling the business affairs of the entities; (b) commingling funds and assets and diverting company funds for personal use; (c) failing to maintain corporate and/or LLC formalities; (d) inadequately capitalizing the entities; (e) using the same offices, employees, and resources across entities; (f) holding himself out as personally liable for entity obligations, including in the agreements at issue; (g) using the entities as mere shells or instrumentalities;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(h) shifting assets and liabilities among entities to avoid obligations; and (i) using the entities to conceal ownership, management, and financial interests and to shield against personal liability.

10.     Plaintiff is informed and believes, and on that basis, alleges there exists such a unity of interest and ownership between ARIJANYAN and TECH CRAEFT, and between ARIJANYAN and KINODARAN that their separate personalities no longer exist. Adherence to the fiction of their separate existence would sanction a fraud and promote injustice, including by permitting Defendants to evade liability for the infringing conduct and contractual obligations alleged herein.

11.     Plaintiff is informed and believes and, on that basis, alleges at all relevant times mentioned herein, the acts of the business entity or entities involves were performed by an employee, agent, officer, servant, and/or representative of each defendant.

## JURISDICTION AND VENUE

12.     This Court has original jurisdiction over this action under 17 U.S.C. § 501 *et. seq.* (the "Copyright Act"), and 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has jurisdiction over Defendant TECH CRAEFT because it is a California corporation maintaining its principal place of business in Glendale, California, and has purposefully availed itself of the benefits and protections of the laws of the State of California by conducting business systematically and continuously within this district and soliciting business with residents of this district.

14.     This Court has jurisdiction over Defendant KINODARAN because it is a California limited liability company maintaining its principal place of business in Glendale, California, and has purposefully availed itself of the benefits and protections of the laws of the State of California by conducting business systematically and continuously within this district and soliciting business with residents of this district.

15.     This Court has jurisdiction over Defendant ARIJANYAN because, *inter*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*alia*, he is a resident of this district, owns and operates TECH CRAEFT in California, and operates KINODARAN in California, thereby purposefully availing himself of the privileges of conducting business in the state.

16.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a). On information and belief, Defendants reside in this District, are deemed to have transacted business in this District, and a substantial part of the events giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

17.    Plaintiff operates the Armenian Television Network, which is the largest Armenian television network in the United States based on programming, viewership, and coverage.

18.    Plaintiff is the owner of all right, title, and interest in and to certain original motions pictures, including but not limited to the Armenian-language series identified as:

      a. *Ko sirtus araj* (Քո Սիրտ Առաջ), bearing U.S. Copyright Group Registration Number: PAu 4-212-060.

      b. *Gerinera* (Գերինները), bearing U.S. Copyright Group Registration Number: PAu 4-212-060.

      c. *Djbakht Erjanik* (Դժբախտ Երջանիկ), bearing U.S. Copyright Group Registration Number: PAu 4-212-060.

(the "Works").  A true and correct copy of the copyright group registration certificate of the Works is attached hereto as **Exhibit ("Ex.") A**.

19.    In October 2022, Plaintiff, Defendant TECH CRAEFT, USARMENIA LLC ("USArmenia"), and DIMM Media Entertainment, Inc. entered into a partnership agreement ("LLC Agreement") to form Defendant KINODARAN.

20.    KINODARAN operates a streaming platform, which offers its subscribers an extensive selection of Armenian movies, series, documentaries, and cartoons.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

21. Pursuant to the LLC Agreement, Plaintiff and USArmenia owned a combined fifty percent (50%) partnership shares in KINODARAN, while TECH CRAEFT and DIMM each owned twenty-five percent (25%) of the partnership shares in the same.

22. On November 1, 2023, after negotiation, Plaintiff, USArmenia, and Defendant TECH CRAEFT entered into a Confidential Purchase Agreement and Release of All Claims ("License Agreement"), whereby Plaintiff and USArmenia sold to TECH CRAEFT their combined 50% interest in KINODARAN. A true and correct copy of the License Agreement is attached hereto as **Ex. B**.

## **Relevant Terms of the License Agreement**

23. Pursuant to Section 3 of the License Agreement, the agreed-upon purchase price of Plaintiff's combined fifty percent (50%) in KINODARAN was one million dollars ($1,000,000.00).

24. Also, Section 8(b) of the License Agreement granted TECH CRAEFT a limited, non-exclusive license to exploit *Ko sirtus araj* (Քո Սիրտ Առաջ), *Gerinera* (Գերիները), and *Djbakht Erjanik* 2 (Դժբախտ Երջանիկ – Season 2), stating as follows:

> b. *Shared Content*
> *All to be given to Kinodaran 1 week before airing on TV or elsewhere.*
> *All at $750 per episode.*
> *All content shall be given to Kinodaran via upload on a common server (Drop box) one week before airing on TV.*
> *Kinodaran shall have exclusive online and VOD rights on all content for 6 months starting from whichever occurs last: a) time of full execution of this agreement, b) all episodes of a given series and season are provided to Kinodaran. After the 6 month terms expire, Kinodaran shall retain non-exclusive online and VOD rights for 5 years.*
> > i. *Սիրուն հետո (Sirun Heto) – USArmenia – there will be 68 Episodes on Kinodaran by October 31, 2023; 11 episodes left to be provided in November (3 per week). Total 82.*



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

ii. *Քո Սիրո Առաջ (Qo Siro Araj) – ARTN – there will be 20 Episodes on Kinodaran by October 31, 2023; 49 episodes left to be provided after November 1, 2023 (3 per week). Total 80.*

iii. *Գերիները (Gerinere) – ARTN – Will start in December of 2023 – Total number of episodes will be 12.*

iv. *Դժբախտ Երջանիկ – Season 2 (Dzhbaxt Yerjanik 2) - ARTN – there will be 6 episodes by October 31, 2023; 18 episodes left to be provided after November 1, 2023 (2 episodes per week). Total 24.*

...

25. The above license granted to KINODARAN, and thereby ARIJANYAN, were expressly conditioned upon TECH CRAEFT's compliance with the terms of the License Agreement, including, but not limited to, satisfaction of all payment obligations outlined therein.

**Failure to Pay License Fees**

26. During negotiations of the License Agreement, ARIJANYAN, on behalf of all Defendants, represented to and promised Plaintiff he would not exhibit or otherwise exploit the Works without making all payments pursuant to the License Agreement.

27. Plaintiff timely delivered all episodes of the Works due pursuant to Section 8 of the License Agreement.

28. In or around March 2024, TECH CRAEFT, and thereby ARIJANYAN, ceased paying the licensing fees due to Plaintiff pursuant to Section 8 of the License Agreement.

29. For months, Plaintiff made great efforts to cooperate with TECH CRAEFT via ARIJANYAN to develop a repayment schedule for the amounts due and owing under Section 8 of the License Agreement, but TECH CRAEFT repeatedly failed to make payments. ARIJANYAN, on behalf of TECH CRAEFT and himself, also made misrepresentations about his intention to pay the outstanding fees to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Plaintiff.  Still, Defendants refused to terminate their streaming of the Works, despite demands that they do so from Plaintiff.

30.     Specifically, on March 1, 2024, Mr. Vaagn Sarkissian ("Mr. Sarkissian"), an agent of Plaintiff and Chief Executive Officer of USArmenia , sent ARIJANYAN an email informing him, and thereby TECH CRAEFT and KINODARAN, of the delinquency and insisting that all content relating to the Works be removed from KINODARAN's streaming platform.   A true and correct copy of that email correspondence is attached hereto as **Ex. C**.  On March 8, 2024, ARIJANYAN, on behalf of Defendants, refused to remove the content at issue on the erroneous grounds that he was not required to make "separate content payments" to exploit the Works. *See id.*

31.     Under Section 8 of the License Agreement, the outstanding licensing fees for the Works at the time of the filing of this Complaint amounts to $73,324.00.

32.     Notwithstanding the foregoing, Defendants have continued to reproduce, distribute, publicly perform, and/or otherwise exploit the Works without authorization, though no further payments have been made.  Specifically, Defendants continue to make available the Works on KINODARAN's streaming platform.

33.     Defendants' unlawful and unauthorized reproduction, distribution, display and use of the Works have irreparably harmed Plaintiff.  Plaintiff is without an adequate remedy at law to redress such harm.  Specifically, Plaintiff does not have the ability to shut down Defendants' streaming of the Works without Court intervention.

34.     Accordingly, Plaintiff now brings this action to recover damages resulting from Defendants' copyright infringement, and to enjoin future infringement of those copyrights by Defendants.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement (17 U.S.C. § 501, *et. seq.*) Against Defendants KINODARAN and ARIJANYAN)**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

35.     Plaintiff incorporates and realleges the foregoing paragraphs as if fully set forth herein.

36.     At all relevant times, Plaintiff has owned and continues to own valid copyrights in the Works and exclusive rights under 17 U.S.C. § 106 to the Works.

37.     KINODARAN engaged in, authorized, directed and/ or controlled the unauthorized reproduction, distribution, and/or display of the Works by streaming the Works on KINODARAN's platform.

38.     Specifically, KINODARAN streamed, and continues to stream, the Works after failing to pay the licensing fees mandated by Section 8 of the License Agreement, thereby terminating the license granted to KINODARAN therein.

39.     Indeed, KINODARAN continues to do so even after Plaintiff made explicit demands that it cease and desist from doing so.  Specifically, on March 1, 2024, Mr. Sarkissian sent ARIJANYAN an email informing him, and thereby KINODARAN, of the delinquency of the requisite licensing fees and insisting that all content relating to the Works be removed from KINODARAN's streaming platform. *See* Ex. C.  On March 8, 2024, ARIJANYAN, on behalf of Defendants, refused to remove the content at issue on the erroneous grounds that he was not required to make "separate content payments" to exploit the Works.  *See id.*

40.     ARIJANYAN is the managing member of KINODARAN and exercised control over its operations at all relevant times.  ARIJANYAN personally participated in, directed, authorized, and/or ratified the infringing conduct alleged herein, and is therefore individually liable for such infringement.

41.     Unless enjoined, ARIJANYAN and KINODARAN will continue to reproduce and distribute the Works by streaming them on KINODARAN's platform.

42.      ARIJANYAN's and KINODARAN's streaming of the Works without permission from Plaintiff constitutes infringement of Plaintiff's exclusive rights under the Copyright Act, in violation of 17 U.S.C. §§ 106 and 501.

43.     ARIJANYAN's and KINODARAN's infringement of Plaintiff's rights

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

in each of the Works constitutes a separate and distinct act of infringement.

44.     ARIJANYAN's and KINODARAN's acts of infringement are willful, intentional, and purposeful, and in disregard of, and with indifference to, Plaintiff's rights.

45.     As a result of ARIJANYAN's and KINODARAN's willful infringement of the registered copyrights in the Works as alleged herein, Plaintiff has been damaged in an amount to be determined at trial.

46.     As a result of ARIJANYAN's and KINODARAN's willful infringement of the registered copyrights in the Works as alleged herein, Plaintiff is entitled to recover ARIJANYAN's and KINODARAN's profits to the extent they are not included as part of Plaintiff's damages.

47.     In the alternative, at the election of Plaintiff, Plaintiff is entitled to recover from KINODARAN and ARIJANYAN statutory damages of up to $150,000.00 for each of the registered copyrights in the Works that Defendants have willfully infringed as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(c)(2).

48.     As a result of ARIJANYAN's and KINODARAN's willful copyright infringement, Plaintiff will continue to be irreparably harmed.

49.     As a result of ARIJANYAN's and KINODARAN's willful copyright infringement, Plaintiff is further entitled to recover its costs and attorneys' fees, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

**(Contributory Copyright Infringement Against Defendant TECH CRAEFT )**

50.     Plaintiff incorporates and realleges the foregoing paragraphs as if fully set forth herein.

51.     TECH CRAEFT, via its Chief Executive Officer, ARIJANYAN, had knowledge of KINODARAN's infringing activity described herein, and despite such knowledge, materially contributed to, induced, and/or facilitated KINODARAN's

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

173674417.1

infringement by providing KINODARAN with the Works, services, support and/or infrastructure necessary to carry out the infringement as alleged herein.

52. Specifically, TECH CRAEFT knew it had ceased licensing payments mandated by Section 8 of the License Agreement, thereby terminating the license to the Works. Specifically, on March 1, 2024, Mr. Sarkissian sent an email informing TECH CRAEFT via ARIJANYAN, of the delinquency of the requisite licensing fees and insisting that all content relating to the Works be removed from KINODARAN's streaming platform. *See* Ex. C.

53. TECH CRAEFT intentionally continued to induce KINODARAN to stream the Works on its platform without Plaintiff's authorization. Specifically, TECH CRAEFT is a majority member and/or a sole member of KINODARAN and its managing member, ARIJANYAN, is the Chief Executive Officer of KINODARAN. Plaintiff is informed and believes, and on that basis, alleges TECH CRAEFT, via ARIJANYAN, permitted, encouraged, and allowed KINODARAN to stream the Works without regard to copyright ownership.

54. As such, TECH CRAEFT is liable for contributory copyright infringement.

55. By reason of TECH CRAEFT's acts of contributory copyright infringement as alleged herein, Plaintiff has been damaged in an amount to be determined at trial.

56. By reason of TECH CRAEFT's acts of contributory copyright infringement as alleged herein, Plaintiff is entitled to recover TECH CRAEFT's profits to the extent they are not included as part of Plaintiff's damages.

57. In the alternative, at the election of Plaintiff, Plaintiff is entitled to recover statutory damages of up to $150,000.00 for each of the registered copyrights in the Works that have been willfully infringed as a result of TECH CRAEFT's wrongful conduct.

58. As a result of TECH CRAEFT's willful contributory copyright

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

infringement, Plaintiff will continue to be irreparably harmed, entitling Plaintiff to an injunction restraining TECH CRAEFT, its agents and employees, and all persons acting in concert or participation with it, from engaging in any further such acts in violation of the Copyright Act.

59.   As a result of TECH CRAEFT's willful contributory copyright infringement, Plaintiff is further entitled to recover its costs and attorneys' fees, pursuant to 17 U.S.C. § 505.

## **THIRD CLAIM FOR RELIEF**

**(Vicarious Copyright Infringement Against Defendant TECH CRAEFT )**

60.   Plaintiff incorporates and realleges the foregoing paragraphs as if fully set forth herein.

61.   Plaintiff is informed and believes, and on that basis, alleges TECH CRAEFT collaborated with KINODARAN on the distribution and streaming of the Works in an effort to lure subscribers to utilize its streaming platform.

62.   Plaintiff is informed and believes, and on that basis, alleges TECH CRAEFT is a majority member and/or sole member of KINODARAN and receives direct financial benefits from KINODARAN's infringement of the Works through profits, gains, and advantages by attracting and securing subscribers through its acts of infringement.

63.   Plaintiff is informed and believes, and on that basis, alleges TECH CRAEFT has the right and ability to supervise, control, and/or otherwise restrict KINODARAN from streaming the Works on its platform.

64.   Plaintiff is informed and believes, and on that basis, alleges TECH CRAEFT has failed to adequately police KINODARAN with respect to engaging in infringing conduct.  In fact, TECH CRAEFT has encouraged the distribution and streaming of the Works on KINODARAN's platform to its own benefit.

65.   As such, TECH CRAEFT is liable for vicarious copyright infringement.

66.   By reason of TECH CRAEFT's acts of vicarious copyright infringement

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

as alleged herein, Plaintiff has been damaged in an amount to be determined at trial.

67. By reason of TECH CRAEFT's acts of vicarious infringement as alleged herein, Plaintiff is entitled to recover TECH CRAEFT's profits to the extent they are not included as part of Plaintiff's damages.

68. In the alternative, at the election of Plaintiff, Plaintiff is entitled to recover statutory damages of up to $150,000.00 for each of the registered copyrights in the Works that have been willfully infringed as a result of TECH CRAEFT's wrongful conduct.

69. As a result of TECH CRAEFT's willful vicarious copyright infringement, Plaintiff will continue to be irreparably harmed, entitling Plaintiff to an injunction restraining TECH CRAEFT, its agents and employees, and all persons acting in concert or participation with it, from engaging in any such further acts in violation of the Copyright Act.

70. As a result of TECH CRAEFT's willful vicarious copyright infringement, Plaintiff is further entitled to recover its costs and attorneys' fees, pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. For an order permanently enjoining Defendants and their employees, agents, attorneys, representatives, successors, and assigns, and any and all persons in active consent or participation with any of them, from committing any acts that infringe on Plaintiff's registered copyrights in the Works;

b. For an order that Defendants immediately recall and remove any and all infringing materials;

c. For an award of damages for all damages suffered by Plaintiff and for any profit or gain by Defendants attributable to infringement of Plaintiff's copyrights in amounts to be determined at trial;

d. In the alternative, for an award of enhanced statutory damages of $150,000.00

173674417.1

13

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

for each of Defendants' acts of willful infringement pursuant to the Copyright Act, 17 U.S.C. § 101, *et. seq.*;

e.  For an award of Plaintiff's costs, attorneys' fees, and expenses in this action;

f.  For pre-judgment and post-judgment interest at the maximum legal rate; and

g.  For such other and further relief as the Court deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

DATED:  March 25, 2026                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____

JONATHAN S. PINK
ENRIQUE X. LOPEZ SALAZAR
Attorneys for Plaintiff ARTN INC.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. Pro. Rule 38, Plaintiff hereby demands a trial by jury on all issues set forth herein that are properly triable to a jury.

DATED: March 25, 2026

JONATHAN S. PINK
ENRIQUE X. LOPEZ SALAZAR
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____

Jonathan S. Pink
Enrique X. Lopez Salazar
Attorneys for Plaintiff ARTN INC.

173674417.1

COMPLAINT AND DEMAND FOR JURY TRIAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW